Curia, per

Butler, J.
The deed under which the plaintiff claims in this case, has received a judicial construction *142 in the case of Pringle et al. vs. Allen. (1 Hill Ch. R. 135.) The question was, what interest Mrs. Cleary had in a negro which she held under the deed at the time of her intermarriage with Cleary ; and it was held that she had a life estate, which was subject to levy under an execution against her husband. The negro, among others, was subject to a trust of a settlement, whereby a large number of negroes and some land (the land now in controversy) were conveyed by Mrs. Cleary to trustees, for the use of Samuel C. Graves, her intended husband, and herself, during their joint lives, and to the use of the survivor for life, and after the death of the survivor, then to the issue of the marriage. Neither' the negroes: nor the land were ever in possession of the trustees. Mrs. Cleary, at the death 'of her husband, (Graves,) was in the possession of the land, and in the enjoyment of the rents and profits. She had a freehold interest in it; not under an exe-cutory trust, by which the trustees were to receive and pay over the rents and profits to her, but tinder an executed trust and free from all control of the trustees.
Such an interest could be, and it has been, sold under a ft. fa.; and all the interest the defendants have in the land is under a sheriff’s deed, founded on the ft. fa. against Cleary. Cleary being dead, his surviving widow has a right to the possession of the land. She has asserted her right in this action, and the defendants cannot be permitted to defeat it by denying the title under which they entered. They took it as an executed trust, and cannot now contend that it was executory and not subject to levy and sale; for, had it been so, they ought to have taken nothing by their purchase. Cestui que use has a right to the immediate possession and enjoyment of the' land; the use is transferred to the possession, according to .the statute of uses; where the trustee is to receive and pay over to the cestui que trust the rents and profits, the legal estate is in the trustee. For this general proposition, there can be no-necessity to quote authority.
Hunt 8$ Memminger for the motion.
We think the action well brought, and dismiss the motion.
Gantt and Earle, JJ. concurred.